**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4745**

———————

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

     v.

JAMES EDWARD TYER, a/k/a James Edward Tyler, a/k/a Tyer
Edward James, a/k/a Jay, a/k/a Tyler Edward James,

           Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge. (1:08-cr-00043-CMH-2)

———————

Submitted: January 30, 2012      Decided: February 6, 2012

———————

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Wayne D. Inge, LAW OFFICE OF WAYNE D. INGE, Roanoke, Virginia,
for Appellant. Michael Edward Rich, Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Tyer was convicted of numerous offenses related to a series of convenience store robberies that occurred in October 2007. He received an aggregate sentence of 300 months—considerably above his advisory Guidelines range of 78-97 months. We previously affirmed Tyer's convictions but vacated his sentence because the district court failed to make the individualized assessment required by Gall v. United States, 552 U.S. 38 (2007). United States v. Monroe, 396 F. App'x 33 (4th Cir. 2010) (No. 08-5050). Tyer now appeals the 300-month term of imprisonment imposed at resentencing. We affirm.

I

At Tyer's resentencing, defense counsel requested a sentence within the advisory Guidelines range based on Tyer's difficult childhood and the fact that Tyer did not physically assault any of the robbery victims. The court rejected this request, finding that the nature and circumstances of the case warranted a "substantial increase" above the Guidelines range. In this regard, the court mentioned the number of robberies and "the fact that this defendant carried a shotgun with him and had the ammunition right at the side ready, which enabled the robberies and the assaults to go forward." The court specifically found that these circumstances, coupled with the

2

need to protect the public and to deter Tyer and others from similar conduct, outweighed his relatively young age and difficult background.

II

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. at 51. We vacated the sentence originally imposed because the district court committed procedural error when it failed "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." See Gall, 552 U.S. at 51.

In evaluating a district court's explanation for the sentence imposed, we have held that, although a district court must consider the relevant 18 U.S.C. § 3553(a) (2006) sentencing factors and explain the sentence, it need not explicitly refer to § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must make an individualized assessment based on the facts presented," and apply the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The district

court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" us that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks and citation omitted). In other words, the reasons articulated by the district court need not be "couched in the precise language of § 3553(a)," as long as the reasons "can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

Tyer contends that the district court did not acknowledge his contention that a less severe sentence was warranted because, unlike codefendant Monroe, he did not assault any of the robbery victims. To the contrary, the court implicitly rejected this argument when it found that, by carrying a shotgun with ammunition at the side, Tyer enabled the robberies and assaults. Tyer also argues that the district court did not consider 18 U.S.C. § 3553(a)(6) when imposing sentence, claiming that the explanation given by the court for the selected sentence "could apply to any series of armed robberies." Especially in light of the court's statement about the number of robberies, the shotgun and the ammunition, it is

4

clear that the court's explanation of the sentence addressed Tyer's conduct, not armed robberies in general.

We conclude that the court adequately explained its reasons for the variant sentence and performed an appropriate individualized assessment. Further, the sentence is procedurally and substantively reasonable.

III

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5